IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 95-CR-40067-MJR |
| ) | |
| PHILLIP RICE, ) | |
| (Inmate # 03524-025), ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER
ON MOTION TO REDUCE SENTENCE**

Reagan, District Judge:

On March 4, 1996, Defendant Phillip Rice pleaded guilty to possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a). After an unsuccessful attempt to withdraw his guilty plea, Rice was sentenced in May 1996, to a term of 292 months imprisonment, a $10,000 fine, and an eight year term of supervised release. Rice was sentenced as a career offender, in accordance with 28 U.S.C. § 994(h). In June 1997, the sentence was affirmed on appeal.

In June 2008, Rice filed a motion asking the Court to reduce his sentence in accordance with 18 U.S.C. § 3582(c), based on Amendment 706 to the United States Sentencing Guidelines, which, in the wake of *Kimbrough v. United States*, 552 U.S. 85 (2007), reduced the offense levels applicable to certain crack cocaine offenses (Doc. 49). Rice subsequently amended his motion to add a request that he be re-sentenced anew, under the current Guidelines, which he concludes will result in an additional reduction (Doc. 52). Both motions will be considered together.

1

Pursuant to Administrative Order 102, the Federal Public Defender's Office was appointed to represent Rice for purposes of the motion to reduce sentence, and Assistant Federal Public Defender Daniel Cronin entered an appearance on Rice's behalf.  Attorney Cronin has now moved the Court to allow him and his office to withdraw from that representation, noting that "counsel can discern no non-frivolous basis for seeking relief for Mr. Rice" (Doc. 54).  The motion further explains:

> 4. When Mr. Rice was sentenced, he was determined to be a career offender. *See* PSR ¶¶ 26 and 42. Consequently, Mr. Rice's guidelines range does not change as a result of the application of Amendment 706.
>
> 5. Because Mr. Rice's guidelines range remains unchanged, he is ineligible for a sentence reduction pursuant to § 3582(c) and the Court lacks jurisdiction to grant any such relief. U.S.S.G. § 1B1.10(a)(2) & App. n.1(A); *United States v. Forman,* 553 F.3d 585, 588 - 590 (7th Cir. 2009). This case falls squarely within the holding of *Forman* wherein the Seventh circuit held that a career offender is ineligible for a reduction under Amendment 706. *United States v. Forman*, 533 F.3d at 589 - 90.
>
> 6. United States Probation Officer Robin Wheeler has also concluded that Mr. Rice is ineligible for a reduction in sentence due to his status as a career offender.

On June 6, 2012, the Court ordered Rice to show cause why his motions for a sentence reduction should not be denied and attorney Cronin be permitted to withdraw. Defendant Rice has not filed any response

Having carefully reviewed the record before it, the undersigned Judge concludes that Defendant's advisory guideline range remains the same after the retroactive amendments in question.  Because his guideline range is not lowered, Defendant is not eligible for an additional sentence reduction under § 3582.  As the Seventh Circuit Court of Appeals held in ***United States***

*v. Taylor*, **627 F.3d 674 (7th Cir. 2010)**, relief under § 3582(c)(2) "is not available when a retroactive amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" **627 F.3d at 676**.   Rice's guideline range was established under the career offender guideline, U.S.S.G. § 4B1.1, and Amendment 706 left the career offender guideline unchanged. *United States v. Guyton*, **636 F.3d 316, 318 (7th Cir. 2011).**

For the above-stated reasons, the Court concludes that Mr. Cronin is entitled to withdraw as defense counsel, and Defendant Rice is not eligible for relief under § 3582(c)(2). Accordingly, the Court **GRANTS** Daniel Cronin's motion to withdraw (Doc. 54) and **DENIES** Defendant Rice's motions for sentence reduction under 18 U.S.C. § 3582 and resentencing (Docs. 49, 52).

The Clerk of Court shall immediately mail a copy of this Order to Rice at his address of record, as also reflected on page 3 of Doc. 54.   A staff note entry should be made when that has been done.

**IT IS SO ORDERED.**

**DATE: July 27, 2012**

                                                **s/Michael J. Reagan**
                                                **Michael J. Reagan**
                                                **United States District Judge**